**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * |
| | *    **CRIMINAL NO. TDC-23-41** |
| **ANTOINE JAVON HARE,** | * |
| | * |
| **Defendant** | * |
| | * |

**\*\*\*\*\*\*\***

<u>**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**</u>

On December 11, 2024, the Defendant, Antoine Javon Hare, appeared before this Court and pled guilty to Counts One, Seven, and Eight of the Indictment, which charged the Defendant in Count One with Hobbs Act Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a); in Count Seven with Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); and in Count Eight with Using, Carrying, Brandishing, and Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). He will appear before this Court for sentencing on July 9, 2025. For the reasons discussed below, the Government respectfully recommends a sentence of 174 months' imprisonment, followed by three years of supervised release, forfeiture of the firearms and ammunition involved in the offense, and restitution to the victims of the Defendants' robberies.

**I.    Background**

In the summer of 2022, the Defendant and his co-conspirator, Andrew Hale, committed a spree of armed robberies in Maryland and the District of Columbia. The Defendant has pled guilty to 11 armed robberies in this case, which are all included in the Hobbs Act Conspiracy in Count 1 of the indictment. In addition to pleading guilty to committing these 11 robberies as part of Count

1, the Defendant has pled guilty to the last Hobbs Act robbery of the crime spree, which occurred on July 23, 2022, and is charged in Count 7.  The Defendant has also pled guilty to carrying, brandishing, and discharging a firearm as part of the last robbery, in Count 8, and the Defendant has admitted to discharging his firearm as part of that robbery.

The statement of facts in the plea agreement and PSR contain details of the robberies.  *See* ECF No. 108, PSR ¶ 7–21; ECF No. 95-1, Plea Agreement Stipulation of Facts.  A firearm was brandished either by the Defendant or his co-defendant in all eleven robberies.  The Defendant specifically possessed a firearm in at least six of the robberies, brandished his firearm in at least four of those, and discharged his firearm during the last robbery.  *See* PSR ¶¶ 9, 14, 16, 17, 18, 19.  The Defendant actively participated in all of the robberies by taking cash and merchandise while the Defendant and/or his co-defendant Hale threatened employees and customers of the businesses.  A summary of the robberies with images from surveillance footage is included below.

### a. June 19, 2022 Business-2 Robbery

On June 19, 2022, at approximately 2:14 am, Hale and **Hare** robbed "Business-2," a 7-Eleven located at 9464 Lanham Severn Road, Lanham, MD 20706.  Hale and **Hare** entered the business and approached an employee, Victim-2, behind the counter.  Both Hale and **Hare** had firearms.  Hale pointed his firearm at Victim-2, forced Victim-2 to the cash registers, and demanded the business's funds.  **Hare** went with Victim-2 to the cash registers behind the counter, and Hale went to the front of the counter with the handgun.  Hale and **Hare** stole approximately $600 in business funds and merchandise, and Victim-2's black iPhone 13 cell phone worth approximately $1,000.  *See* PSR ¶ 9.

 

**Ex. 1 (left): Hare (circled) behind counter stealing funds from Business 2**
**Ex. 2 (right): Hare (circled) fleeing Business 2 with funds and holding firearm**

### July 1, 2022 Business-3 Robbery

On July 1, 2022, at approximately 2:42 am, Hale and **Hare** robbed "Business-3," a 7-Eleven located at 4910 Silver Hill Road, Suitland, MD 20746. Hale approached an employee, Victim-3, behind the counter, pointed a firearm at Victim-3, and demanded the business's funds. **Hare** grabbed another employee, Victim-4, and forced him behind the counter. Hale and **Hare** stole approximately $1000 in business funds and merchandise, including a GPS tracking device. *See* PSR ¶ 10.

 

**Ex. 3 (left): Hale brandishing firearm during robbery of Business 3**
**Ex. 4 (right): Hare (circled) behind counter stealing funds of Business 3**

### b.   July 3, 2022 Business-4 Robbery

On July 3, 2022, at approximately 3:07 am, Hale and **Hare** robbed "Business-4," a 7-Eleven located at 1428 Ritchie Road, Capitol Heights, MD 20743.  Hale pointed a firearm at an employee, Victim-5, and demanded that he open the cash register. Victim-5 complied, and **Hare** walked behind the counter and began removing business funds from the register while Hale remained in front of Victim-5 holding the firearm.  Hale then pointed the handgun at another employee, Victim-6, demanded Victim-6's wallet, and ordered Victim-6 to place his or her cell phone on the floor.  Victim-6 complied, and the Defendants stole the wallet, which contained approximately $150 and miscellaneous cards.  Hale and **Hare** then returned behind the counter and pushed Victim-5 to another cash register while Hale was pointing the firearm.  Hale and **Hare** stole approximately $675 in business funds and merchandise.  *See* PSR ¶ 11.

 

**Ex. 5 (left): Hare (circled) and Hale stealing merchandise of Business 4**
**Ex. 6 (right): Hale pointing gun at Victim 6 during robbery of Business 4**

### c.   July 8, 2022 Business-5 Robbery

On July 8, 2022, at approximately 12:27 am, Hale and **Hare** robbed "Business-5," a 7-Eleven located at 6201 Suitland Road, Suitland, MD 20746.  Hale pointed a firearm at an

employee, Victim-8, and demanded business funds and Newport cigarettes. **Hare** went behind the counter, and Hale and **Hare** forced Victim-8 to open the cash registers and give Hale and **Hare** Newport cigarettes. Hale and **Hare** stole approximately $194 in business funds and merchandise. *See* PSR ¶ 12.



**Ex. 7 (left): Hale pointing firearm at Victim 8 during robbery of Business 5 while Hare (circled) goes behind counter to steal business funds**

**Ex. 8 (right): Hare (circled) stealing Newport cigarettes from Business 5**

### d. July 8, 2022 Business-6 Robbery

On July 8, 2022, at approximately 1:50 am, Hale and **Hare** robbed "Business-6," a Dash-In located at 10000 Greenbelt Road, Lanham, MD 20706. Hale pointed a firearm at employees, Victim-9 and Victim-10, and demanded the business funds and Newport cigarettes. **Hare** went behind the counter to take the cash and cigarettes. Hale and **Hare** stole approximately $579 in business funds and merchandise, Victim-9's Samsung Galaxy Model A03 cell phone worth approximately $500 and Victim-10's purple iPhone 12 cell phone worth approximately $1,000 before fleeing Business-6. *See* PSR ¶ 13.



**Ex. 9 – Hale pointing firearm at Victims 9 and 10 during robbery of Business 6 while Hare (circled) goes behind counter to steal business funds, merchandise, and a Victim's cell phone**

### e.   July 16, 2022 Business-5 Robbery

On July 16, 2022, at approximately 11:35 pm, Hale and **Hare** returned to "Business-5," a 7-Eleven located at 6201 Suitland Road, Suitland, MD 20746, for a second robbery. Upon entering the store, Hale pointed a firearm at an employee behind the counter, Victim-11, and a customer at the counter, Victim-12, and demanded money from the victims. **Hare** walked behind the counter brandishing a firearm. Hale continued to stand in front of the counter with the firearm while Victim-11 opened the cash registers and Victim-12 kept his hands on the counter. Two customers, Victim-13 and Victim-14, entered the store. Hale pointed a firearm at the customers, demanded their money, and directed them to the counter, where they stood by Victim-12. Hale and **Hare** stole approximately $446 in business funds and merchandise; a driver's license, wallet, and assorted keys from Victim-12; a handbag containing approximately $100, assorted credit/debit cards, and an identification card from Victim-13; and approximately $15 from Victim-14. *See* PSR ¶ 14.



**Ex. 10 – Hare (circled) brandishing firearm behind counter during robbery of Business 5 on July 16, 2022**

### f. July 19, 2022 Business-7 Robbery

On July 19, 2022, at approximately 2:25 am, Hale and **Hare** robbed "Business-7," a 7-Eleven located at 5505 S. Dakota Avenue NE, Washington, DC 20011.  Hale walked behind the counter.  Victim-15, an employee of the business, attempted to go into a back room, but Hale pulled Victim-15 back to the cash registers, pointed a firearm in Victim-15's back, and demanded the business funds.  Victim-15 complied with Hale's demand and opened the registers, while Hale continued to hold on to Victim-15 and point a firearm at him.  Meanwhile, **Hare** acted as a lookout.  Hale and **Hare** stole approximately $382 in business funds and merchandise.  *See* PSR ¶ 15.

 

**Ex. 11 (left): Hale pointing firearm at Victim 15's back during robbery of Business 7**
**Ex. 12 (right): Hare (circled) acting as lookout during robbery of Business 7**

### g.   July 19, 2022 Business-8 Robbery

On July 19, 2022, at approximately 2:59 am, Hale and **Hare** robbed "Business-8," a 7-Eleven located at 6315 Baltimore Avenue, Riverdale Park, MD 20737.   Both Hale and **Hare** entered the store holding firearms.   **Hare** walked behind the counter and forced a store employee, Victim 16, toward the cash registers.   Hale also walked behind the counters.   Hale and **Hare** directed Victim 16 and Victim 17, store employees, to open the cash registers, and directed Victim 18, a customer, to place his cell phone on the counter.   During this time, Hale pointed his firearm at the victims.   Hale and **Hare** stole approximately $1,532 in business funds and merchandise, and Victim-18's cell phone before fleeing Business-8.   *See* PSR ¶ 16.



**Ex. 13: Hare (circled) brandishing firearm forcing Victim 16 to cash registers of Business-8**

### h.   July 19, 2022 Business-9 Robbery

On July 19, 2022, at approximately 4:27 am, Hale and **Hare** robbed "Business-9," a Denny's located at 4445 Benning Road NE, Washington, DC 20019. Hale and **Hare** entered the business and walked past the cash register to the kitchen where they found employees of the business. Hale and **Hare** each pointed guns at the employees. They forced Victim-19 back to the cash register and demanded that he open it, while Hale continued to brandish a firearm. Hale and **Hare** stole Victim-19's black Samsung Galaxy 8 cell phone worth approximately $500 and approximately $340 in business funds. *See* PSR ¶ 17.

 

**Ex. 14 (left): Hale and Hare brandishing firearms while forcing Victim 19 back to cash register during robbery of Business-9**

**Ex. 15 (right): Hale brandishing firearm while forcing Victim 19 to empty cash register during robbery of Business-9**

### i. July 23, 2022 Business-10 Robbery

On July 23, 2022, at approximately 1:38 am, Hale and **Hare** robbed "Business-10," a 7-Eleven located at 6034 Baltimore Avenue, Hyattsville, MD 20781.  Hale and **Hare** both brandished firearms. **Hare** forced the store clerk, Victim-20, into an office, locked the door, and demanded cigarette cartons from inside the office. Hale then brandished a firearm and forced Victim-20 to open the cash registers.  Hale and **Hare** stole approximately $1,070 in business funds and merchandise.  *See* PSR ¶ 18.



**Ex. 16: Hare (circled) chasing Victim 20 with firearm during Business-10 robbery**

### j.  July 23, 2022 Business-11 Robbery

On July 23, 2022, at approximately 2:36 am, Hale and **Hare** robbed "Business-11," a 7-Eleven located at 7900 Good Luck Road, Lanham, MD 20706.  Hale and **Hare** entered Business-11, each with a firearm.  With their firearms in hand, Hale and **Hare** forced an employee, Victim-23, to the cash registers and demanded that Victim-23 open them.  Hale pointed his firearm at another employee, Victim-21.  Victim-21 then walked outside to call the police and attempted to block the door to keep Hale and **Hare** inside.  **Hare** forced the door open and struck Victim-21 in the back of the head with his firearm, causing injury.  Victim-22, another store employee, tried to call the police.  As Hale attempted to flee, Hale knocked Victim-22's phone out of his hand and struck Victim-22 in the head with his firearm, causing injury.  **Hare** opened the front door to Business-11 and fired one shot into Business-11 before fleeing with Hale. During this incident, Hale and **Hare** stole Newport cigarettes and approximately $1,000 of business funds that included a GPS tracker.  *See* PSR ¶ 19.



**Ex. 17 – Hare pointing firearm before shooting during robbery of Business 11**

### k.  Defendants' Flight and Vehicle Chase

Following the second July 23, 2022 robbery, officers received updated coordinates of the location of the GPS tracker that was included in the cash the Defendants stole, and began to track its movements in real time.  A Prince George's Police Department Guardian helicopter searched for the Defendants' vehicle from the air.  Based on the real time GPS coordinates, the officers homed in on a Blue Nissan Rogue Florida with registration JKPB15 being driven at a high rate of speed.  The Guardian helicopter continued to track the SUV from the air, while officers followed on the ground.  Hale was later determined to be driving the vehicle.  **Hare** was the passenger in the vehicle.

Officers attempted to stop the Nissan Rogue at a traffic light by pulling in front of the vehicle. An officer got out to approach the Defendants, but then Hale accelerated the vehicle, ramming the side of the police car, while the officer jumped out of the way.



**Ex. 18 – Screenshot from Guardian helicopter after Defendants struck side of police car**

The Defendants then continued on a 20-minute police chase from Maryland into DC, with the helicopter following from the air and officers following on the ground. The Defendants reached speeds up to at least 90 miles per hour, as they drove through intersections, stoplights, and neighborhoods.



**Ex. 19 - Screenshot from Guardian helicopter of Defendants continuing to flee**

Eventually, the Defendants lost control of their vehicle, and it crashed, flipping upside

down, and came to a stop at Altamont Place SE and Good Hope Road SE, Washington, DC 20020.



**Ex. 20 (left): Screenshot from Guardian helicopter of Defendants' vehicle after it crashed**
**Ex. 21 (right): Defendants' crashed vehicle with Newport cigarettes on the outside**

Officers placed the two occupants of the Nissan Rogue, identified as **Hare** and Hale, into

custody and transported them to United Medical Center for medical assistance.

When officers arrested **Hare**, they recovered a Glock 19, 9mm handgun bearing serial

number BVGW622 loaded with approximately twelve rounds of ammunition recovered from him.

A firearms analysis matched this firearm to the bullet fired at the second July 23, 2022 7-Eleven robbery.

On July 26, 2022, a search and seizure warrant from the Circuit Court for Prince George's County, Maryland, was executed on the Nissan Rogue. Among the items recovered was a black and tan 9mm semi-automatic pistol with a Polymer80 PF940C frame and a Glock slide with serial number BSCE747 and a black extended Glock magazine loaded with nine rounds of ammunition and one in the chamber recovered from underneath the mat on the driver floorboard. This distinctive firearm matches the one that was brandished by Hale during the July 23, 2022 robberies.

 

**Ex. 22 (left): Firearm with extended magazine used by Hare**

**Ex. 23 (right): Firearm with extended magazine used by Hale**

## II.    Guidelines Calculations

The parties and the United States Probation Office agree that the total adjusted combined offense level for Counts One and Seven, including three levels off for early acceptance of responsibility, is 30. *See* PSR ¶ 163. The minimum term of imprisonment for Count Eight is ten years, imposed consecutively to the term of imprisonment for any other counts. *Id.* The Defendant has a criminal history category of III. *Id.* Therefore, the recommended range of imprisonment

under the Guidelines is 121 to 151 months' imprisonment, plus 10 years' mandatory minimum imprisonment consecutive.  This produces a total recommended sentence of 241 to 271 months.

Therefore, the Government's recommended sentence of 174 months is below the total range of imprisonment recommended by the United States Sentencing Guidelines.

## III.    18 U.S.C. § 3553(a) Factors

The Government submits that a sentence of 174 months' imprisonment, followed by three years of supervised release; forfeiture of the firearms and ammunition involved in the offense; and a restitution order to the victims in this case would be sufficient but not greater than necessary, given the facts and circumstances of this case and the § 3553(a) factors.

### a.  The Nature and Circumstances of the Offense

The nature and circumstances of this offense are serious.  As detailed above, the Defendant committed 11 armed robberies over a span of two months.  Defendant was an active participant in each robbery in which he or his co-defendant brandished firearms and threatened victims.  The Defendants terrorized ten separate business (including one business twice) and at least 23 individual victims.  During the last robbery, the Defendant struck an employee with his firearm and fired a shot into the business, which could have easily killed an innocent citizen.  This conduct has no place in our community.  The nature and circumstances of the offense warrant a sentence of 174 months.

### b.  The History and Characteristics of the Defendant

The Defendant has a significant criminal history.  Two points warrant particular attention. First, this is not the Defendant's first robbery conviction.  In 2015, at age 18, the Defendant was arrested and later pled guilty to robbery in the Circuit Court for Prince George's County, Maryland, Case No. CT150584X.  PSR ¶ 119.  In that case, the Defendant and another unknown suspect assaulted a victim who was walking in Suitland, Maryland, by tackling him and punching and

kicking him while the victim was on the ground. *Id.* The victim attempted to flee but the Defendant and other suspect tackled the victim a second time. *Id.* The Defendant and the other suspect stole the victim's phone and personal property. *Id.* The Defendant was sentenced to ten years' imprisonment with all but 18 months suspended, followed by five years of probation. Despite this previous robbery conviction, the Defendant's conduct has significantly escalated in this case, comprising at least 11 commercial robberies involving the use of firearms and the Defendant shooting into one of the businesses.

Second, the Defendant has a nearly unbroken chain of criminal conduct that stretches back over a decade.

- In 2013, at age 16, the Defendant has a juvenile adjudication in the Circuit Court for Prince George's County (sitting as a juvenile court), Case No. JA-14-0988, for 1) Felony Theft $1,000 to Under $10,000 2) Burglary Fourth Degree and 3) Burglary First Degree. PSR ¶ 116.

- In 2015, at age 18, the Defendant sustained the robbery conviction described above. PSR ¶ 119.

- In 2017, at age 20, while on probation for his robbery conviction, the Defendant sustained a conviction for Grand Larceny in Arlington County, Virginia, Case No. CR17001426-00. PSR ¶ 117. The Defendant was sentenced to four years' incarceration, with all but 6 months suspended, and 3 years of supervised probation. *Id.*

- In 2018, at age 21, the Defendant was found guilty of a violation of probation in his Prince George's County robbery case and sentenced to five years of incarceration. PSR

¶ 119.  The Defendant was released from imprisonment on December 22, 2021, on parole.  *Id.*

- Approximately six months later, the Defendant began the robbery spree in this case.

This pattern of continuous and escalating criminal activity warrants a significant sentence.

The Government recognizes that the Defendant has had challenging personal circumstances.  These have been significant factors in the Government's plea offer and recommendation of 174 months' imprisonment.  As discussed above, the Guideline sentencing range in this case is 121 to 151 months' imprisonment, plus 10 years' imprisonment consecutive, for a total recommended sentence of 241 to 271 months.  In addition, the Defendant's admitted conduct would support up to ten additional charges for brandishing a firearm in violation of 18 U.S.C. § 924(c).  However, given the individual circumstances of this case, including the Defendant's age, family circumstances, mental health challenges, and history of drug abuse, the Government is not pursuing additional mandatory minimum charges and is requesting a below Guidelines sentence for the total term of imprisonment for the charges to which the Defendant did plead guilty.  However, the Defendant's violence against others cannot be tolerated.  For the reasons discussed herein, the Government submits that a sentence of 174 months' imprisonment is sufficient but not greater than necessary to satisfy the purposes of sentencing, including taking account of the Defendant's history and characteristics.

> c.  **The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The Government submits that a sentence of 174 months' imprisonment is warranted to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  As described at length above, the Defendant committed not just one violent robbery, or two, or three; the Defendant committed 11 armed robberies over the span of two

months.  The Defendant committed so many armed robberies that they stopped factoring into the Guidelines calculations for purposes of the combined adjusted offense level.  *See* PSR ¶ 106 (calculating 11 units for grouping); U.S.S.G. § 3D1.4 (providing for a maximum of a 5-level increase for more than 5 units).  While each armed robbery may not count for the Guidelines offense level because of how many there were, the Court should consider each one, and the victims of those robberies, when fashioning a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

### d.  Need to Provide Adequate Deterrence to Criminal Conduct

The Defendant's criminal history shows that he has had little regard for Court supervision and rehabilitative efforts to date.  As described above, the Defendant has engaged in a near unbroken sequence of criminal activity over the last decade, including previous convictions for robbery and grand larceny.  The Defendant's arrests, periods of incarceration, drug intervention, and court supervision have not deterred the Defendant's criminal conduct.  The escalating and violent nature of the Defendant's conduct calls for specific deterrence to protect the community.

The need for specific deterrence is also supported by data from the United States Sentencing Commission.  The Defendant is currently 28 years old.  If the Court imposes a sentence of 174 months' imprisonment, with credit for time served, the Defendant will be approximately 40 years old or younger when released.  The United States Sentencing Commission has released studies regarding the recidivism of firearms offenders.  The rate of recidivism of federal firearm offenders is higher than other offenders grouped together, and drops with age.  As reflected in the

chart below, federal firearms offenders between the ages of 30 and 39 recidivated at a rate of 70.6%, while those between the ages of 40 and 49 recidiciated at a rate of 64.0%.[1]



**Ex. 24 – U.S. Sentencing Commission:  Recidivism of Federal Firearm Offenders by Age**

Although these aggregate statistics are not a predictor in an individual case, the Government submits that this data is consistent with the Defendant's conduct and recidivism to date, and supports a sentence of 174 months' imprisonment.

A significant sentence is also needed for the purpose of general deterrence.  As discussed above, the Defendant's crime spree victimizing over 10 businesses and at least 23 individual victims and presents a serious threat to community safety.  A sentence of 174 months' imprisonment would send the message to those who engage in such violence that their conduct will be met with consequences commensurate with their actions.

---

[1] UNITED STATES SENTENCING COMMISSION, RECIDIVISM OF FEDERAL FIREARMS OFFENDERS RELEASED IN 2010 (November 2021), at 29, *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20220209_Recidivism-Firearms.pdf.

### e. Need to Avoid Unwarranted Sentencing Disparities

Finally, the Government's recommended sentence of 174 months would avoid unwarranted sentence disparities, particularly with respect to co-defendant Hale. Co-defendant Hale pled guilty to the same offenses as Defendant Hare and had the same criminal history category of III. Co-defendant Hale's guilty plea included a C-plea range of 13 to 16 years. At sentencing, the Government recommended a sentence of 16 years. The Court imposed a sentence of 15 years. Here, the Government respectfully submits that a downward variant sentence of 14.5 years (174 months) for Defendant Hare would be appropriate considering the sentence of 15 years (180 months) imposed on co-Defendant Hale.

## IV.    Restitution

As noted in the PSR, 18 U.S.C. § 3663A requires restitution to be ordered in this case. PSR ¶ 179. In the plea agreement, the Defendant agreed to an order of restitution in the amount of $11,083. Plea Agreement, ECF 95 ¶ 15. This amount was ordered to be forfeited by co-defendant Hale. *See* ECF 106 at 7. Accordingly, the Government respectfully requests that an order of restitution be entered in this amount joint and severally with the restitution ordered for co-defendant Hale.

A summary of the victim losses, as included in the plea agreement factual stipulation, and repeated in the PSR, is summarized below. The names and contact information for the individual victims will be provided to the Court.

| Victim | Incident | Loss Description | PSR ¶ | Loss Amount |
|---|---|---|---|---|
| 7-Eleven, 9464 Lanham Severn Road, Lanham, MD 20706 ($600.00) | 6/9/22 Business 2 robbery | Business funds and merchandise | 9 | $600.00 |
| Victim 2 | 6/9/22 Business 2 robbery | Black iPhone 13 Cell Phone | 9 | $1,000.00 |

| | | | | |
|---|---|---|---|---|
| 7-Eleven, 4910 Silver Hill Road, Suitland, MD 20746 ($1,000.00) | 7/1/22 Business 3 robbery | Business funds, merchandise, and GPS tracker | 10 | $1,000.00 |
| 7-Eleven, 1428 Ritchie Road, Capitol Heights, MD 20743 ($675.00) | 7/3/22 Business 4 robbery | Business funds and merchandise | 11 | $675.00 |
| Victim 6 | 7/3/22 Business 4 robbery | Wallet and money | 11 | $150.00 |
| 7-Eleven, 6201 Suitland Road, Suitland, MD 20746 ($194.00) | 7/8/22 Business 5 robbery | Business funds and merchandise | 12 | $194.00 |
| Dash-In, 10000 Greenbelt Road, Lanham, MD 20706 | 7/8/22 Business 6 robbery | Business funds and merchandise | 13 | $579.00 |
| Victim 9 | 7/8/22 Business 6 robbery | Samsung Galaxy Model A03 Cell Phone | 13 | $500.00 |
| Victim 10 | 7/8/22 Business 6 robbery | Purple iPhone 12 Cell Phone | 13 | $1,000.00 |
| 7-Eleven, 6201 Suitland Road, Suitland, MD 20746 | 7/16/22 Business 5 robbery | Business funds and merchandise | 14 | $446.00 |
| Victim 13 | 7/16/22 Business 5 robbery | Handbag containing cash, ID, and cards | 14 | $100.00 |
| Victim 14 | 7/16/22 Business 5 robbery | Cash | 14 | $15.00 |
| 7-Eleven, 5505 S. Dakota Avenue NE, Washington, DC 20011 | 7/19/22 Business 7 robbery | Business funds and merchandise | 15 | $382.00 |
| 7-Eleven, 6315 Baltimore Avenue, Riverdale Park, MD 20737 | 7/19/22 Business 8 robbery | Business funds and merchandise | 16 | $1,532.00 |
| Denny's, 4445 Benning Road NE, Washington, DC, 20019 | 7/19/22 Business 9 robbery | Business funds | 17 | $340.00 |
| Victim 19 | 7/19/22 Business 9 robbery | Black Samsung Galaxy 8 Cell Phone | 17 | $500.00 |
| 7-Eleven, 6034 Baltimore Avenue, Hyattsville, MD 20781 | 7/23/22 Business 10 robbery | Business funds and merchandise | 18 | $1,070.00 |
| 7-Eleven, 7900 Good Luck Road, Lanham, MD 20706 | 7/23/22 Business 11 robbery | Business funds, merchandise, and GPS | 19 | $1,000.00 |

| | | tracker | | |
|---|---|---|---|---|
| Total | | | | $11,083.00 |

## V.    Supervised Release, Forfeiture, Fine

The Government respectfully requests a concurrent term of supervised release of three years.  The Government hopes that a full term of supervised release, along with the knowledge that he will face potential additional imprisonment as a result of any violations, will serve as an adequate deterrent for the Defendant and enable him to successfully transition back into the community after a term of imprisonment.

In the plea agreement, the Defendant agreed to forfeit the firearms and ammunition involved in the offense.  The Government has filed a preliminary order of forfeiture, and requests that forfeiture of these items be included as part of the judgment.

The Government recommends no fine in this case, beyond the required $100 special assessments.

## VI.    Conclusion

The Government respectfully submits that a 174-month term of imprisonment, three years supervised release, forfeiture of the firearms and ammunition, and restitution to the victims would be sufficient, but not greater than necessary, to satisfy the goals set forth in 18 U.S.C. § 3553(a).


Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:    _/s/_____
Patrick D. Kibbe
Megan S. McKoy
Assistant United States Attorneys